Amy L. Bennecoff Ginsburg (SBN 275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com

Attorney for Plaintiff,
Knute Allmendinger

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNUTE ALLMENDINGER, ) | **Case No.:  2:14-cv-01990-KJM-DAD** |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S NOTICE AND** |
| v. ) | **MOTION FOR DEFAULT** |
| ) | **JUDGMENT** |
| OXFORD LAW, LLC ) | |
| ) | **Hon. Kimberly Mueller** |
| Defendant. ) | |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 10, 2015 at 10:00am or as soon thereafter as this matter can be heard before the Honorable Kimberly Mueller of the United States District Court for the Easter District of California at Sacramento, Plaintiff, KNUTE ALLMENDINGER ("Plaintiff") will respectfully request this Honorable Court to enter and Order granting Plaintiff's Motion for Default Judgment in the amount of $ 4,572.00 based on this Notice, the Memorandum of

- 1 -

Points and Authorities, the attached exhibits pleadings and records in this action. This Motion is based on the attached memorandum of points and authorities, and all files and pleadings in this action.

Plaintiff seeks default judgment against Defendant in the amount of four-thousand five-hundred thirty-two dollars ($4,572.00) representing statutory damages in the amount of two thousand dollars ($2000.00), one-thousand dollars ($1,000) pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(A), and one thousand dollars ($1000.00) pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b), two-thousand one hundred twenty dollars ($2120.00) in attorneys' fees plus four hundred fifty-two ($452.00) in costs, 15 U.S.C § 1692k(a)(3) and § 1788.30(c). See Statement of Services attached as Exhibit A and Declaration of Amy L. B. Ginsburg attached as Exhibit B.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: 5/26/2015

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

## I.    BACKGROUND

Plaintiff filed a Five-Count Complaint against Defendants on August 27, 2014. Counts I-IV of Plaintiff's complaint are based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, and Count V is based on the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* See Docket No. 1. In his Complaint, Plaintiff alleged: (1) Defendant contacted Plaintiff in attempts to collect a debt from a former acquaintance of Plaintiff, Pat Kiehl (phonetic.); (2) Upon information and belief, the alleged debt arose from transaction which were for personal, family, and/or household purposes; (3) Throughout October 2013 and November 2013, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's home telephone seeking to collect the alleged debt. (4) Defendant's harassing collection calls derived from numbers including, but not limited to, (215) 526-2600; (5) Defendant called Plaintiff earlier than 8:00am local time; and (6) Defendant's actions were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt.

Defendant was served with the Summons and Plaintiff's Complaint on November 26, 2014. See Docket No. 6. Because Defendants did not respond to

Plaintiff's complaint within the time and in the manner provided by Fed. R. Civ. P. 12, Plaintiff moved this Court for and Entry of Default on February 24, 2015. <u>See</u> Docket No. 10. On February 26, 2014 the Clerk of this Honorable Court entered default against Defendant pursuant to Fed. R. Civ. P. 55(a). <u>See</u> Docket No. 12.

Accordingly Plaintiff seeks default judgment against Defendant in the amount of $4,572.00 itemized as follows: $2000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b); $2120.00 in attorney's fees; and $452.00 in filing and service of process costs. As discussed below, the <u>Eitel</u> factors support granting default judgment against Defendant in the amount of $4572.00.

## II.   PLAINTIFF'S COMPLAINT STATES A VIABLE AND STRONG CLAIM FOR RELIEF

Federal Rule of Civil Procedure 55 authorizes courts to enter a default judgment as to any party that "fail[s] to plead or otherwise defend." Fed. R. Civ. P. 55(a)-(b)(2). Rule 55 applies to parties against whom affirmative relief is sought and who fail to "plead or otherwise defend." Fed. R. Civ. P. 55(a). It is well settled that "[t]he district court's decision whether to enter a default judgment is a discretionary one. After the Clerk enters a party's default under Fed. R. Civ. P. 55(a), the Court may enter a default judgment against the party. <u>Starcom Mediavest Group, Inc. v. Mediavestw.com</u>, 2011 WL 332831 (N.D. Cal. Jan. 31, 2011) (internal citations omitted). "A failure to make a timely answer to a properly

servced complaint will justify the entry of a default judgment. <u>Benny v. Pipes</u>, 799 F. 2d 489, 492 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F. 2d 915, 917-18 (9th Cir. 1987).

Under § 1692d of the FDCPA, a debt collector may not engage in conduct the natural consequence of which is harassing Plaintiff. 15 U.S.C. § 1692d. Under § 1692d(5) of the FDCPA, a debt collector cannot cause Plaintiff's telephone to ring, and engage in telephone conversations, repeatedly and continuously with intent to annoy Plaintiff. 15 U.S.C. § 1692d(5). Under § 1692f of the FDCPA, a debt collector may not engage in unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. Finally, § 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with a consumer in connection with the collection of a debt at any time or place known or which should be known to be inconvenient to the consumer. 15 U.S.C. § 1692c(a)(1). The statues presumes that a call before 8am local time at the consumer's location is inconvenient. <u>Id.</u> Under the RFDCPA, debt collectors are required to comply with Sections 1692b through 1692j of the FDCPA. Cal. Civ. Code § 1788.17. The facts in Plaintiff's Complaint demonstrate that Defendant violated the FDCPA and therefore provide a basis for default judgment to be entered.

The <u>Eitel</u> factors support granting default judgment against Defendant. The first two <u>Eitel</u> factors require Plaintiff's Complaint to sufficiently state a claim for relief. <u>PepsiCo, Inc. v. Cal Sec. Cans</u>, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Once the clerk enters default, Plaintiff's factual allegations are taken as true. <u>Televideo Sys., Inc. v. Heidenthal</u>, 826 F. 2d 915, 917-918 (9th Cir. 1987).  In his Complaint, Plaintiff alleges: (1) (1) Defendant contacted Plaintiff in attempts to collect a debt from a former acquaintance of Plaintiff, Pat Kiehl (phonetic.); (2) Upon information and belief, the alleged debt arose from transactions which were for personal, family, and/or household purposes; (3) Throughout October 2013 and November 2013, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's home telephone seeking to collect the alleged debt. (4) Defendant's harassing collection calls derived from numbers including, but not limited to, (215) 526-2600; (5) Defendant called Plaintiff earlier than 8:00am local time; and (6) Defendant's actions were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt. The facts in Plaintiff's Complaint demonstrate that Defendant violated the FDCPA and therefore provide a basis for default judgment to be entered.

NOTICE AND MOTION FOR DEFAULT JUDGEMENT

### III. PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS REASONABLE .

Plaintiff seeks default judgment against Defendant in the amount of $4,572.00, itemized as follows: $2,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), Cal. Civ. Code § 1788.30(b), and $2,572.00 in attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1692k(2)(A). Further the RFDCPA allows "additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." Cal. Civ. Code § 1788.30(b). Therefore, an award of $2,000.00 to Plaintiff in this case is permissible and appropriate based on the factual allegations in Plaintiff's Complaint.

### IV. DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT.

The FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00." 15 U.S.C. § 1692k(2)(A). Plaintiff respectfully submits that he is entitled to relief because his claims are well-pled and establish Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et. seq.* First, Plaintiff notes that proof of only one violation is sufficient to support judgment for Plaintiff. Bentley v. Great Lakes Collection Bureau, Inc. 6 F.3d 60 (2nd Cir. 1993). In

determining the amount of liability in an individual action under the FDCPA, the court may look to, among other relevant factors, the frequency and persistence of noncompliance by the debt collection, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(2).

Under § 1692d of the FDCPA, a debt collector may not engage in conduct the natural consequence of which is harassing Plaintiff. 15 U.S.C. § 1692d. Under § 1692d(5) of the FDCPA, a debt collector cannot cause Plaintiff's telephone to ring, and engage in telephone conversations, repeatedly and continuously with intent to annoy Plaintiff. 15 U.S.C. § 1692d(5). Under § 1692f of the FDCPA, a debt collector may not engage in unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. Finally, § 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with a consumer in connection with the collection of a debt at any time or place known or which should be known to be inconvenient to the consumer. 15 U.S.C. § 1692c(a)(1). The statue presumes that a call before 8am local time at the consumer's location is inconvenient. Id. Under the RFDCPA, debt collectors are required to comply with Sections 1692b through 1692j of the FDCPA. Cal. Civ. Code § 1788.17.

Defendant's conduct violated § 1692d because Defendant engaged in conduct which had the natural consequence of harassing Plaintiff. Defendant violated § 1692d(5) when it caused Plaintiff's telephone to ring repeatedly and

NOTICE AND MOTION FOR DEFAULT JUDGEMENT

continuously. It violated § 1692f by using unfair means to collect a debt from Plaintiff, by calling him repeatedly and continuously, and before 8am, in order to coerce Plaintiff into paying the debt. Defendant's calls placed to Plaintiff before 8am placed Defendant in violation § 1692c(a)(1). Defendant's conduct in violation of the aforementioned sections of the FDCPA thus violated the RFDCPA. Finally, Defendant's conduct was intentional, as there is nothing to suggest that Defendant's behavior in calling Plaintiff in connection with the collection of a debt repeatedly and continuously, including calls before 8am local time was unintentional or the result of a mistake.

As all facts must be deemed admitted, an award of $2,000.00 to Plaintiff in this case is permissible and appropriate based upon the factual allegations in Plaintiff's Complaint.

## V.  PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES PURSUANT TO THE FDCPA.

Plaintiff requests this Honorable Court to award Plaintiff his attorneys' fees and costs incurred in prosecuting this instant case. Plaintiff is entitled to attorneys' fees in the amount of $2,120.00 based on the reasons set forth below.

The specific statutory language of the FDCPA, and the public policy considerations in support of this Act, entitle Plaintiff to recover attorneys' fees and costs:

NOTICE AND MOTION FOR DEFAULT JUDGEMENT

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a).

Pursuant to this specific language, the Federal courts have long recognized the importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it. In <u>Tolentino v. Friedman</u>, 46 F. 3d 645 (7th Cir. 1995), the court affirmed that a separate award for costs and fees is mandatory.

> Given the structure of the section, attorneys' fees should not be construed as a special discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.

<u>Tolentino v. Friedman</u>, 46 F.3d 645, 651-652 (7th Cir. 1995). Plaintiff's entitlement to his reasonable fees and costs has been reaffirmed by the Ninth Circuit Court of Appeals, where the Ninth Circuit once again ordered that the determination of fees and costs is mandatory by the district courts. "The FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." <u>Camacho v. Bridgeport Financial, Inc.</u>, 523 F. 3d 973, 978 (9th Cir. 2008); <u>see</u> <u>also</u> <u>Graziano v. Harrison</u>, 950 F.2d 107 (3d Cir. 1991) (noting that the

FDCPA mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general).

The <u>Tolentino</u> Court also noted Congress's specific intent to allow an individual plaintiff the ability to pursue an action where the burden of fees and costs would otherwise economically preclude this type of rights enforcement. <u>Tolentino</u> at 652 <u>citing</u> <u>City of Riverside v. Rivera</u>, 477 U.S. 561 (1986)). "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." <u>Id.</u> The court held similarly in Camacho when it rejected the District Court's "flat-fee" approach, and in its remand for further findings directed that "[T]he amount of [attorneys' fees] must be determined on the facts of each case." <u>Camacho</u> at 978. The FDCPA mandates that the recovery of Plaintiff's attorneys' fees and costs is integral to the success of the policy goals of the FDCPA. Therefore, Plaintiff should be awarded reasonable attorneys' fees and costs as determined by this Honorable Court.

## VI.   PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION.

"[I]n order to encourage private enforcement of the law … Congress legislated that in certain cases prevailing parties shall recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee-shifting' statute. The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable in the case of any successful action ... [for] the costs of the action, together with a reasonable attorneys' fee as determined by the Court." Camacho at 978 citing Staton v. Boeing Co., 327 F.3d 938 (9th Cir.2003) and 15 U.S.C. § 1692k(a)(3).

In support of this Congressional mandate, federal appellate courts have long upheld a plaintiff's recovery of attorneys' fees and costs after the entry of judgment in plaintiff's favor. See, e.g., Webb v. James, 147 F.3d 617 (7th Cir. 1998) (awarding attorneys' fees under the underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment) and Nusom v. Comh Woodburn, Inc., 122 F.3d 830 (9th Cir. 1997) (same).

## VII.   PUBLIC POLICY SUPPORTS AN AWARD OF ATTORNEYS' FEES AND COSTS.

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent

- 12 -

State action to protect consumers against debt collection abuses. Congress found such abuses by debt collectors to be serious and widespread." Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) citing 15 U.S.C. § 1692(e) and Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996). The fee-shifting provision contained in the FDCPA, therefore, enables consumers to vindicate their personal rights, while benefiting society in general, resulting in greater deterrence of fraudulent and deceptive business practices.

Further, the difficulty in private attorneys general actions, such as the FDCPA and similar state enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced unlike in personal injury actions. See Bowers v. Transamerica Title Insurance Company, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a percentage contingency. Accordingly, "the purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." Majcher v. Laurel Motors, Inc., 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); see also Ford Motor Co. v. Mayes, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978). By providing the private bar with incentive to involve itself in consumer litigation through fee-shifting, the government is relieved of the costs of protecting

- 13 -

consumers while insuring that consumers may still avail themselves of their statutory rights.

Without a sufficient award of attorney's fees and costs, an entry of judgment for the consumer would simply not make the consumer whole as the average consumer would simply be unable to pay his attorney's fees. This result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance. This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorney's fees, "is to encourage consumers to file actions to vindicate their rights." Grove v. Huffman, 262 Ill. App.3d 531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App. 1994). The attorney's fees provision is in place to remove the difficulty of obtaining counsel in pursuing claims which are relatively small compared to potential legal costs. See id. at 539. As a result, public policy dictates that Plaintiff's attorneys' fees and costs should be paid by Defendant.

**VIII.  IN CONSUMER PROTECTION ACTIONS IT IS NOT APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEYS' FEES EXPENDED TO THE AMOUNT OF THE PLAINTIFF'S RECOVERY**

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an attorney's fee award based upon the amount recovered by the plaintiff. The fact that the amount recovered by the plaintiff may be disproportionate to the amount of attorney's fees sought does not make the fees

- 14 -

expended unreasonable. As such, the fees awarded should not be reduced to maintain some ratio between the attorney's fees and underlying compensatory damages. See Bryant v. TRW, 689 F.2d 72 (6th Cir. 1982); Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1041-42 (3d Cir. 1996); Jones v. Credit Bureau of Greater Garden City, 1989 WL 134945 (D. Kan. 1989); and Northrup v. Hoffman of Simsbury, Inc., 2000 WL 436612 (D. Conn. 2000).

## IX.   THE RATES SOUGHT BY PLAINTIFF'S ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION.

Plaintiff seeks an award of attorneys' fees in the amount of $2,120.00 and costs in the amount of $452.00, comprised of 7.9 hours of attorney and paralegal time at hourly rates ranging from $165.00 per hour to $300.00 per hour. See Statement of Services attached as Exhibit A. Plaintiffs' counsel seeks $300.00 for senior associates Amy Lynn Bennecoff Ginsburg and Angela Troccoli; $265.00 per hour for associates, Daivy P. Dambreville and Raymond F. Keenan; and $165.00 per hour for paralegal, Christine Vargas. See Exhibits "A" and "B." These rates and hours are reasonable in this jurisdiction.  See e.g. Mulvihill v. St. Amant & Associates, 2:13-cv-00080-TLM-DAD, (Findings and Recommendation, April 24, 2014; Order Adopting Findings and Recommendations May 22, 2014)

(approving 12.2 hours of work at rates of $290 per hour for attorney and $145 per hour for paralegal).

Therefore, the lodestar calculation for the time spent by Plaintiffs' attorneys and their staff in this matter is $2,120.00. See Exhibit A. Additionally, during the course of this action, Plaintiff incurred $452.00 in reasonable litigation costs and expenses, which are recoverable

under the FDCPA, 15 U.S.C. §1692k(a)(3). See Exhibit "A." Accordingly, Plaintiff respectfully moves the Court for and award of $2,572.00 in reasonable attorneys' fees and costs.

## X.   IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEY'S FEES

It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery) cited in Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992). See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court, 101 F.R.D. 553, 560-62 (1984). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. See, e.g, United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989); Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992)

(fee opponent must submit evidence); and <u>Brinker v. Giuffrida</u>, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant"). Accordingly, unless Defendant is able to meet its burden, this Court should accept Plaintiff's lodestar and award the attorney's fees and costs sought.

**XI.    CONCLUSION**

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements o f FRCP 55(a), but Plaintiff's Complaint must contain uncontested factual allegations which, taken as true, state a viable cause of action. Here, Plaintiff satisfied the requirements of FRCP 55(a) and demonstrated that Plaintiff's Complaint states a strong showing of relief under the FDCPA. Furthermore, Plaintiff has satisfied the elements establishing attorneys' fees pursuant to 15 U.S.C. §1692k(a). Therefore this Honorable Court should enter default judgment against Defendant in the amount of  four-thousand five-hundred seventy-two dollars ($4,572)  representing statutory damages in the amount of two thousand dollars ($2,000.00), one thousand dollars ($1,000.00) pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(A), and one thousand dollars ($1,000.00) pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b), two-thousand one-hundred twenty dollars

($2,120.00) in attorney's fees plus four-hundred fifty-two dollars ($452.00) in

costs, 15 U.S.C. § 1692k(a)(3) and § 1788.30(c).


RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: 5/26/15

By: /s/ Amy L. Bennecoff Ginsburg
    Amy L. Bennecoff Ginsburg (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: aginsburg@creditlaw.com
    Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true correct copy if Plaintiff's Notice and Motion for

Default Judgment was served upon Defendant on May 26, 2015 via first class mail

sent to the following address:

Oxford Law, LLC
1100 Northbrook Drive
Suite 250
Trevose, PA 19053

By: <u>/s/ Amy L. Bennecoff Ginsburg</u>

Amy L. Bennecoff Ginsburg, Esquire