1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KNUTE ALLMENDINGER,                          No.  2:14-cv-1990-KJM-EFB (TEMP)

12              Plaintiff,

13         v.

14    OXFORD LAW, LLC,                              FINDINGS AND RECOMMENDATIONS

15              Defendant.

16

17         This matter came before the court on July 24, 2015, for hearing of plaintiff's motion for

18    default judgment.[1]  ECF. No. 19.  Attorney Amy Ginsburg appeared telephonically on behalf of

19    the plaintiff.  No appearance was made by or on behalf of the defendant.  For the reasons stated

20    below, plaintiff's motion must be granted.

21    **I.    *Background***

22         Plaintiff initiated this action under the federal Fair Debt Collection Practices Act

23    ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and the California Rosenthal Fair Debt Collection

24    Practices Act ("RFDCPA"), California Civil Code §§ 1788, *et seq*.  In his complaint, plaintiff

25    seeks actual damages for a violation of 15 U.S.C. § 1692(k)(a)(1), statutory damages of $1,000.00

26

27         [1]  On November 6, 2015, this action was reassigned from the previously assigned
28    magistrate judge to the undersigned, ECF No. 20, who has audited the electronic court recorder
      operator (ECRO) recording of the hearing.

                                                    1

1    for a violation of 15 U.S.C. § 1692k(a)(1), actual and statutory damages for a violation of

2    California Civil Code § 1788.17 and reasonable attorney's fees and costs.  Compl., ECF No. 1, at

3    6.[2]

4            Defendant was served on November 26, 2014, ECF No. 6, but nonetheless failed to appear

5    in this action.  Pursuant to plaintiff's request, ECF No. 10, the Clerk of the Court entered

6    defendant's default on February 26, 2015.  ECF No. 12.  Thereafter, plaintiff filed a motion for

7    default judgment which came for hearing before the previously assigned magistrate judge on July

8    24, 2015.  ECF No. 19.  Despite being served with plaintiff's request for entry of default, ECF

9    No. 10 at 2, and all papers filed in connection with plaintiff's motion for default judgment, ECF

10   No. 14-4 at 1, defendant did not oppose entry of default and neither filed opposition nor appeared

11   at the hearing on plaintiff's motion for default judgment.[3]

12   **II.    *Legal Standard***

13           Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

14   against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

15   against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

16   automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,

17   238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25

18   (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

19   within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

20   1980).  In making this determination, the court considers the following factors:

21

22           [2] Page number citations such as this one are to the page number reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

23

24           [3] While the defendant in this case was served by plaintiff with both plaintiff's request for
     entry of default and his motion for default judgment, such service generally is not required.  *See*

25   Fed. R. Civ. P. 55(b)(2) (requiring that written notice of an application for default judgment be
     served upon the party against whom judgment is sought only if that party "has appeared in the

26   action"); Local Rule 135(d) (excusing parties from serving documents submitted to the court
     upon "parties held in default for failure to appear" unless a document asserts new or additional

27   claims for relief against the defaulting parties).  Nonetheless, out of an abundance of caution,
     plaintiff prudently served the defendant with all papers related to the pending motion for default

28   judgment.

2

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

**III.**   *Discussion*

**A.**   *Appropriateness of the Entry of Default Judgment Under the Eitel Factors*

**1.**   *Factor One: Possibility of Prejudice to Plaintiff*

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially face prejudice if the court does not enter a default judgment.  Absent entry of a default judgment, plaintiff would be without any recourse for recovery.  Accordingly, the first *Eitel* factor favors the entry of a default judgment.

/////

/////

1        **2.      *Two and Three: The Merits of Plaintiff's Substantive Claims and Sufficiency of***

2        ***the Complaint***

3        The merits of plaintiff's substantive claims and the sufficiency of the complaint should be

4   discussed together because of the relatedness of the two inquires.  The court must consider

5   whether the allegations in the complaint are sufficient to state a claim that supports the relief

6   sought.  *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.  Here, the

7   complaint asserts claims for the violation of the Fair Debt Collection Practices Act, ("FDCPA"),

8   15 U.S.C. §§ 1692 *et seq*., and the Rosenthal Fair Debt Collections Practices Act, ("RFDCPA")

9   Cal. Civ. Code §§ 1788 *et. seq*.

10       "To establish a claim under the FDCPA, a plaintiff must show: (1) []he is a consumer

11  within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into

12  for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C.

13  § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C.

14  §§ 1692a-1692o."  *Alonso v. Blackstone Financial Group LLC*, 962 F. Supp. 2d 1188, 1193-94

15  (E.D. Cal. 2013).  Similarly, the RFDCPA, provides that "[n]o debt collector shall collect or

16  attempt to collect a consumer debt by means of the following practices: (a) Using obscene or

17  profane language; (b) Placing telephone calls without disclosure of the caller's identity, provided

18  that an employee of a licensed collection agency may identify himself by using his registered

19  alias name as long as he correctly identifies the agency he represents; (c) Causing expense to any

20  person for long distance telephone calls, telegram fees or charges for other similar

21  communications, by misrepresenting to such person the purpose of such telephone call, telegram

22  or similar communication; (d) Causing a telephone to ring repeatedly or continuously to annoy

23  the person called; or (e) Communicating, by telephone or in person, with the debtor with such

24  frequency as to be unreasonable and to constitute an harassment to the debtor under the

25  circumstances."  Cal. Civ. Code § 1788.11.

26       Here, the complaint alleges that from October of 2013 through November of 2013,

27  employees of the defendant, a debt collector, repeatedly placed harassing debt collections calls to

28  plaintiff's home while seeking to collect a debt from plaintiff's former acquaintance.  Compl.,

1   ECF No. 1, at 3.  Defendants "even called plaintiff prior to 8:00 am."  *Id.*  These calls "were made

2   with the intent to harass, abuse, and coerce payment from plaintiff for the alleged debt."  *Id*.

3   These allegations are sufficient to supports the complaint's claims for violation of the FDCPA

4   and RFDCPA.  *See generally* 15 U.S.C. § 1692c(a)(1) ("In the absence of knowledge of

5   circumstances to the contrary, a debt collector shall assume that the convenient time for

6   communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock

7   postmeridian, local time at the consumer's location."); *Dunham v. Portfolio Recovery Associates,*

8   *LLC*, 663 F.3d 997, 1002 (8th Cir. 2011) ("we read § 1692a(3) to include individuals who are

9   mistakenly dunned by debt collectors"); *Davis v. Midland Funding, LLC*, 41 F. Supp. 3d 919, 924

10  (E.D. Cal. 2014) ("By its plain text, the FDCPA encompasses claims brought by individuals

11  subjected to collection efforts for obligations they are falsely alleged to have owed.").

12          Accordingly, these *Eitel* factors favor the entry of a default judgment.

13          **3.      *Factor Four: The Sum of Money at Stake in the Action***

14          Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at

15  stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.*, 238 F. Supp. 2d at

16  1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal.

17  2003).  Plaintiff's motion for default judgment seeks $2,000 in damage.  In this regard, the sum of

18  money at stake is not significant and thus this factor does not weigh against entry of default.

19          **4.      *Factor Five: The Possibility of Dispute Concerning Material Facts***

20          The court may assume the truth of well-pleaded facts in the complaint (except as to

21  damages) following the clerk's entry of default.  *See, e.g.*, *Elektra Entm't Group Inc. v. Crawford*,

22  226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are

23  taken as true after the court clerk enters default judgment, there is no likelihood that any genuine

24  issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*,

25  238 F. Supp. 2d at 1177.  Accepting the plaintiff's allegations as true, there will likely be no

26  dispute concerning a material fact and thus this *Eitel* factor favors the entry of a default judgment.

27  /////

28  /////

1      **5.**      ***Factor Six: Whether the Default Was Due to Excusable Neglect***

2             The record reflects that defendant's default was not due to excusable neglect.  Defendant

3    was served a copy of the complaint and summon on November 26, 2014.  ECF No. 6.  Plaintiff

4    also served defendant a copy of the motion for default judgment.  ECF No. 16-4.  Thus, it appears

5    that the defendant had notice of the pending action but has decided not to defend against

6    plaintiff's claims.  Thus this *Eitel* factor favors the entry of a default judgment.

7      **6.**      ***Factor Seven: The Strong Policy Favoring Decisions on the Merits***

8             "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782

9    F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

10   alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

11   *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.

12   Supp. 2d 1039, 1061 (N.D. Cal. 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at

13   *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal.

14   June 26, 2009).  Accordingly, this factor should not preclude entry of default judgment.

15            On balance, the *Eitel* factors weigh in favor of granting plaintiff's motion for default

16   judgment.  The court must therefore determine the amount of damages plaintiff is entitled to

17   receive.

18   **B.**      ***Damages***

19            Consistent with plaintiff's complaint, plaintiff's motion for summary judgment seeks

20   $1,000 in statutory damages for defendant's violation of the FDCPA and $1,000 in statutory

21   damages for defendant's violation of the RFDCPA.  15 U.S.C. § 1692k(a)(2)(A) provides that

22   any debt collector who fails to comply with the FDCPA is liable for "damages as the court may

23   allow, but not exceeding $1,000."  Likewise, the RFDCPA provides that any debt collector who

24   willfully and knowingly violates that title shall be liable for a penalty of "not less than one

25   hundred dollars ($100) nor greater than one thousand dollars ($1,000)."  Moreover, a plaintiff

26   may be awarded statutory damages cumulatively under both statutes. *See* 15 U.S.C. § 1692n;

27   Cal. Civ. Code § 1788.32.

28   /////

1    Accordingly, the undersigned recommends that plaintiff be awarded $2,000 in statutory

2    damages.

3    **C.    *Costs and Attorney's Fees***

4    Plaintiff's motion for default judgment also seeks an award of $2,120 in attorneys' fees

5    and $452 in costs.  Both the FDCPA and the RFDCPA provide for an award of costs and

6    reasonable attorney's fees to a prevailing plaintiff.  15 U.S.C. 1692k(a)(3); Cal. Civ. Code

7    § 1788.30(c).  The Ninth Circuit employs the lodestar approach to determine whether a fee

8    request is reasonable.  *Jordan v. Multnomah County*, 815 F.2d 1258, 1262-63 (9th Cir. 1987).

9    "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably

10   expected on the litigation by a reasonable hourly rate."  *Camacho v. Bridgeport Fin., Inc.*, 523

11   F.3d 973, 978 (9th Cir. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433(1983); *Ferland*

12   *v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001) (In a FDCPA case, the district

13   court must calculate awards for attorney's fees using the "lodestar" method).  The lodestar is

14   deemed to be presumptively reasonable, though the district court has the discretion to consider an

15   upward or downward adjustment.  *Camacho*, 523 F.3d at 978.

16   The Ninth Circuit has recently explained that,

17          The applicant has an initial burden of production, under which it
             must produce satisfactory evidence establishing the reasonableness
18          of the requested fee.  This evidence must include proof of market
             rates in the relevant community (often in the form of affidavits from
19          practitioners) .  .  .  and detailed documentation of the hours
             worked[.]  If the applicant discharges its legal obligation as to the
20          burden of production, the court then proceeds to a factual
             determination as to whether the requested fee is reasonable.

21

22   *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) (citations

23   omitted).

24   Here, plaintiff requests attorney's fees for a total of 7.9 hours of work.  ECF No. 16-1 at 4.

25   The billing summary provided by plaintiff, however, reveals that this number mistakenly includes

26   .1 hours of attorney time that was "NOT BILLED."  *Id*. at 2.  Accordingly, plaintiff is actually

27   seeking an award for 7.8 hours of work, consisting of 3.6 hours of attorney time expended by

28   attorney Amy Bennecoff Ginsburg, at a rate of $300 per hour, 1.2 hours of attorney time

7

1    expended by attorney Angela Troccoli, also at a rate of $300 per hour, 1 hour of attorney time

2    expended by attorney Ray Keenan, at a rate of $265 per hour, .7 hours of attorney time expended

3    by attorney Dave Dambreville, at rates of $265 and $235 per hour, and 1.3 hours of time

4    expended by a paralegal at a rate of $165 per hour. *Id*. at 2-4.

5           The undersigned finds the number of hours expended in this action to be reasonable. *See*

6    *Mulvihill v. St. Amant & Associates*, 2014 WL 1665229, at *4 (E.D. Cal. Apr. 24, 2014) (finding

7    12.2 hours expended in FDCPA reasonable); *Torres v. Bernstein, Shapiro & Associates, L.L.C.*,

8    2012 WL 2376401, at *5 (E.D. Cal. June 22, 2012) (finding 13.5 hours expended on motion for

9    default judgment on claim of FDCPA violation reasonable).

10          With respect to the rates requested, however, plaintiff has provided only the declaration of

11    attorney Amy Bennecoff Ginsburg.  ECF No. 16-2 at 2.  That declaration establishes that attorney

12    Ginsburg is an experienced and able litigator.  Accordingly, the undersigned finds the $300 per

13    hour rate requested by Attorney Ginsburg to be reasonable. *See McBride v. Delaware Solutions,*

14    *LLC*, 2015 WL 5882395, at *5 (E.D. Cal. Oct. 5, 2015) (finding $300 to be a reasonable hourly

15    rate in a FDCPA action in this district); *Mulvihill v. St. Amant & Associates*, 2014 WL 1665229,

16    at *4 (E.D. Cal. Apr. 24, 2014) (finding $290 to be a reasonable hourly rate in a FDCPA action in

17    this district).

18          The rates requested by attorneys Angela Troccoli, Dave Dambreville and Ray Keenan,

19    however, are entirely unsupported.  In this regard, plaintiff has failed to provide the court with

20    any argument or evidence addressing the reasonableness of the rates requested by these attorneys.

21    In the absence of any information from which the court could determine a reasonable rate for

22    these attorneys, the undersigned recommends that their fee requests be denied.[4]

23          Moreover, "[c]ourts have determined prevailing hourly rates for paralegals in this area to

24    be $75 per hour." *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, 2014 WL

25    5698448, at *4 (E.D. Cal. Nov. 4, 2014); *see also Kalani v. Statewide Petroleum, Inc.*, 2014 WL

26

27          [4]  At the July 24, 2015 hearing the previously assigned magistrate judge raised this issue
28    with plaintiff's counsel and provided plaintiff's counsel an opportunity to file a supplemental
memorandum.  Plaintiff's counsel, however, did not file a supplemental memorandum.

1    4230920, at *6 (E.D. Cal. Aug. 25, 2014) ("courts in Sacramento have repeatedly determined in

2    recent years that the prevailing hourly paralegal rate is $75").

3        Accordingly, it is recommended that plaintiff be awarded $1,177.50 in attorneys' fees,

4    representing 3.6 hours of attorney time, at a rate of $300 per hour, and 1.3 hours of paralegal

5    time, at a rate of $75 per hour.

6        With respect to costs, plaintiff's motion seeks an award of costs in the amount of $452

7    representing plaintiff's filing and service of process costs.  ECF No. 16-1 at 2-3.  "'Even though

8    not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would

9    normally be charged to a fee paying client are recoverable as attorney's fees.'"  *Molina v.*

10   *Creditors Specialty Service, Inc.*, 2010 WL 235042, at *4 (E.D. Cal. Jan. 21, 2010) (quoting

11   *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n. 7 (9th Cir. 1986)); *see also Lowe v. Elite*

12   *Recovery Solutions L.P.*, 2008 WL 324777, at *7 (E.D. Cal. Feb. 5, 2008).  The non-taxable costs

13   of filing and serving the complaint fit this description.  Accordingly, the undersigned

14   recommends that plaintiff also be awarded $452 in costs.

15   **IV.    *Conclusion***

16       Accordingly, IT IS HEREBY RECOMMENDED that:

17       1.  Plaintiff's motion for default judgment (ECF No. 14), re-noticed for hearing on May

18   29, 2015, (ECF No. 16) be granted; and

19       2.  Default judgment be entered against defendant Oxford Law, LLC and in favor of

20   plaintiff in the total amount of $3,629.50, comprised of an award of $1,000.00 in statutory

21   damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), $1,000.00 in statutory damages pursuant to

22   California Civil Code § 1788.30(b), $1,177.50 in attorneys' fees and $452 in costs.

23       These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25   after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

28   /////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998*); Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3 DATED:  January 12, 2016.

4

5 EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10